**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff.** ) | |
| ) | |
| v. ) | No. 4:92CR298(JCH) |
| ) | |
| **WINSTON G. MORRISON,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter is before the Court upon defendant's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) [Doc. #9].

### Background

On May 28, 1992, a jury found defendant guilty of conspiring to distribute and to possess with intent to distribute cocaine. See United States v. Morrison, Case No. 4:92CR298(JCH) (E.D. Mo.). On September 1, 1994, after defendant's original sentence was vacated and remanded by the Eighth Circuit, see United States v. Fetlow, 21 F.3d 456 (8 th Cir.), cert. denied, 513 U.S. 977 (8th Cir. 1994), this Court sentenced defendant to two-hundred and ninety-two months in prison to be followed by five years of supervised release. The Eighth Circuit Court of Appeals affirmed defendant's sentence after remand. United States v. Morrison, No. 94-3247 (8th Cir. March 15, 1995). Subsequently, defendant filed two motions for relief under 28 U.S.C. § 2255: one which was denied on its merits, see Morrison v. United States, No.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

4:97CV0924(JCH) (E.D. Mo.), aff'd No. 98-2921 (8th Cir. Feb. 24, 1999); and one which was transferred to the Eighth Circuit Court of Appeals as a second or successive petition, see Morrison v. United States, 4:00CV298(JCH) (E.D. Mo.), authorization to file a second § 2255 motion denied, No. 01-1169 (8th Cir. Mar. 13, 2001).

On December 27, 2004, defendant filed a motion to file a notice of appeal pursuant to 18 U.S.C. § 3742(a)(1)(2), which this Court denied. The Eighth Circuit Court of Appeals affirmed the denial of this motion. See United States v. Morrison, No. 05-1595 (8th Cir., Mar. 10, 2005).

**The motion**

Citing United States v. Booker, 125 S. Ct. 738 (2005), defendant argues that the United States Sentencing Guidelines ("Guidelines") have been "lowered by the Sentencing Commission" such that 18 U.S.C. § 3582(c)(2) allows this Court to modify his sentence.

**Discussion**

In Booker, the Supreme Court held that 18 U.S.C. § 3553(b)(1) - by which federal courts are required to apply the Guidelines - is incompatible with an offender's sixth amendment rights and must be severed and excised from the Sentencing Reform Act of 1984. United States v. Booker, 125 S. Ct. at 756. Consequently, the Guidelines are now advisory. Id. at 757. This

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Court rejects defendant's argument that the switch from the mandatory application of the Guidelines to the advisory nature of the Guidelines constitutes a "lowering" of the Guidelines as used in § 3582(c)(2). Even if the change from mandatory to advisory constitutes a "lowering" of the Guidelines, such action was not taken – as § 3582 requires – by the Sentencing Commission.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Morrison's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) [Doc. #9] is **DENIED**.

Dated this 13th day of June, 2005.

/s/ Jean C. Hamilon
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com